IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY L. CAMERON, # 154328, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv732-MHT |
| | ) | (WO) |
| CYNTHIA STEWART, *et al.* | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Johnny L. Cameron ("Cameron") on September 27, 2015. Doc. No. 1.[1] Cameron alleges that the Alabama Board of Pardons and Paroles ("Board") violated his constitutional rights in revoking his parole in November 2013.

### **I. BACKGROUND**

In June 1989, Cameron was convicted of murder in the Circuit Court of Macon County, Alabama. He was sentenced to 60 years' imprisonment.

Cameron was paroled in December 2009. In September 2013, while on parole, he was arrested on charges of unlawful distribution of controlled substances.[2] Parole revocation proceedings were initiated, and a parole court hearing was held in October 2013. Based on the evidence, the hearing officer found Cameron guilty of violating the conditions

---

[1] Document numbers ("Doc. No.") are those assigned by the clerk of court in this action. Page references are to those assigned by CM/ECF.

[2] According to Cameron, the State dismissed the controlled-substance charges against him in September 2014. *See* Doc. No. 1-4 at 1.

of his parole and recommended that his parole be revoked. Doc. No. 7-2 at 32–35. On November 5, 2013, after considering the evidence presented at parole court and the findings and recommendation of the hearing officer, the Board revoked Cameron's parole. Doc. No. 7-3 at 28.

On March 9, 2015, Cameron filed a petition for common-law writ of certiorari in the Circuit Court of Montgomery County, Alabama, alleging due process, equal protection, and cruel and unusual punishment violations by the Board in revoking his parole.[3] *See* Doc. No. 7-2 at 3–27. On May 21, 2015, the circuit court denied Cameron's petition for common-law writ of certiorari. Doc. No. 7-4. Cameron appealed to the Alabama Court of Criminal Appeals, and on August 26, 2015, that court dismissed his appeal as untimely and issued a certificate of judgment. Doc. Nos. 8 & 9. Cameron did not file a petition for writ of certiorari with the Alabama Supreme Court.

Cameron filed the instant § 2254 petition on September 27, 2015, alleging—as he did in his state petition for common-law writ of certiorari—due process, equal protection, and cruel and unusual punishment violations by the Board in revoking his parole. Doc. No. 1 at 5–6. The Respondents argue that Cameron's § 2254 petition is time-barred by the one-year federal limitation in 28 U.S.C. § 2244(d). Doc. No. 7. After reviewing the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that Cameron's petition should be denied as untimely.

---

[3] Cameron styled the petition as a petition for writ of habeas corpus (*see* Doc. No. 7-2 at 3) but the state court properly treated it as a petition for common-law writ of certiorari. *See Samuels v. Alabama Board of Pardons & Paroles*, 687 So.2d 1287 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), aff'd, 474 So.2d 758 (Ala. 1985).

## II.  DISCUSSION

### AEDPA's One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following time limit for bringing habeas petitions:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, the Board revoked Cameron's parole on November 5, 2013.  Under *Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008), the one-year limitation period for Cameron to challenge the judgment of revocation in a federal habeas petition ran from the date of the

state parole board's decision, i.e., "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Brown*, 512 F.3d at 1307 n.1 ("We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance."); *Hawes v. Howerton,* 335 F. App'x 882, 884 (11th Cir. 2009) (following *Brown* in Georgia parole revocation); *Ray v. Mitchem*, 272 F. App'x 807, 809–10 (11th Cir. 2008) (following *Brown* in Alabama parole revocation). Absent tolling, Cameron had until November 5, 2014, to file a timely § 2254 petition regarding his parole revocation. Unless Cameron can demonstrate that statutory tolling under AEDPA—or equitable tolling—was triggered in his case, his § 2254 petition is untimely.

## Statutory Tolling

In Alabama, there is no direct appeal procedure by which an inmate can appeal the Alabama Board of Pardons and Paroles' decision to revoke parole. *Ray*, 272 F. App'x at 809. A petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to challenge such a ruling by the Board. *Id*.; *Samuels v. Alabama Board of Pardons & Paroles*, 687 So.2d 1287 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitation period for filing a § 2254 petition. Consequently, a properly filed petition for common-law writ of certiorari in the Circuit Court of Montgomery County will activate the tolling provision of § 2244(d)(2). However, Cameron's filing of his petition for

common-law writ of certiorari in the Circuit Court of Montgomery on March 9, 2015, did not toll the limitation period under § 2244(d)(2), because the limitation period ran unabated during the one-year period between November 5, 2013, and November 5, 2014, and thus had expired before Cameron's petition for common-law writ of certiorari was filed.[4]  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition filed following expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled); *Hawes*, 335 F. App'x at 884 (same); *Ray*, 272 F. App'x at 810 (same).

## Equitable Tolling

Cameron maintains that that the federal limitation period should be equitably tolled in his case—and the untimeliness of his § 2254 petition excused——because, he says, he received no copy of the Board's November 5, 2013 judgment revoking his parole and did not learn of the Board's decision until January 26, 2015, in a letter he received from a circuit court clerk.  Doc. No. 12 at 2–3.  The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

---

[4] Nothing in Cameron's petition supports running the one-year limitation period for his federal habeas challenge to his parole revocation from the dates in 28 U.S.C. § 2244(d)(1)(B) & (C).  There is no evidence that an unlawful state action impeded him from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and he presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," s*ee* 28 U.S.C. § 2244(d)(1)(C).

5

in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Cameron fails to make the showing of reasonable diligence required to warrant equitable tolling. The record reflects that on October 10, 2013, Cameron signed a notice of service acknowledging his receipt of the parole court hearing officer's report finding him guilty of violating the conditions of his parole and recommending that his parole be revoked. Doc. No. 7-3 at 26. The Board's revocation judgment, which Cameron maintains he did not receive, was entered approximately three weeks later, on November 5, 2013. Cameron should have reasonably expected the Board's final decision to be made not long after his parole court hearing. However, he fails to allege facts indicating that he made any effort to keep apprised of the Board's decision after the parole court hearing. He states only that he fortuitously learned of the Board's decision from a circuit court clerk in January 2015. Cameron fails to recount any attempt on his part between October 10, 2013, and January 2015 to determine the status of his parole. "Equitable tolling is not intended as a device to rescue those who inexcusably sleep upon their rights." *United States v. Ramos-Maritinez*, 638 F.3d 315, 323 (1st Cir. 2011). Cameron's lack of reasonable diligence precludes equitable tolling.

Further, it is implausible that Cameron would not have understood his parole was revoked shortly after his parole court hearing. He was returned to prison after his parole was revoked, and the only offense for which he could have been serving a prison term at that time was his 1989 murder conviction—the offense for which he had been on parole.

6

Cameron himself acknowledges that he was never brought to trial on the 2013 controlled substance charges that led to his parole revocation and that those charges were ultimately dismissed. Even accepting as true Cameron's claim that he received no copy of the Board's November 5, 2013 revocation judgment, the court finds that Cameron was afforded constructive notice that his parole had been revoked not long after the Board's decision was entered. The combination of his receipt of the parole court hearing officer's report finding him guilty of violating the conditions of his parole and recommending that his parole be revoked with the fact that he was returned to prison to serve his sentence was sufficient to provide such constructive notice to Cameron. Under the circumstances, the tardiness of Cameron's § 2254 petition is not saved by equitable tolling.

For the reasons set out above, Cameron's § 2254 petition is time-barred under AEDPA's one-year limitation period, and he is not entitled to have the claims therein reviewed.[5]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition be denied as untimely filed pursuant to 28 U.S.C. § 2244(d) and that this case be dismissed with prejudice.

---

[5] It is arguable that Cameron's challenge to his 2013 parole revocation is moot. On April 10, 2017, while the instant § 2254 petition was pending in this court, Cameron was released on parole. *See* Doc. No. No. 14. Thus, the parole-revocation term from his 2013 revocation has been completed. Cameron neither alleges nor proves any future collateral consequences stemming from his parole revocation. For instance, he does not allege or prove that his maximum parole discharge date has been extended because of his 2013 parole revocation. Nor does he allege or prove that his 2013 parole revocation might affect future parole decisions or increase a future sentence. *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (concluding that petitioner did not prove collateral consequences by alleging that his expired parole-revocation term might affect future parole decisions or increase a future sentence).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before January 16, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 2nd day of January, 2018.

                          /s/Charles S. Coody
                          CHARLES S. COODY
                          UNITED STATES MAGISTRATE JUDGE